Katy M. Young (SBN 267791)
kyoung@astralegal.com
Marie A. Barnes (SBN 276246)
mbarnes@astralegal.com
**AD ASTRA LAW GROUP, LLP**
582 Market Street, Suite 1903
San Francisco, CA 94104
Tel:   (415) 233-6584
Fax:   (415) 276-1976

Attorneys for Plaintiff
LLOYD BEARDSLEY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD BEARDSLEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>SPEEDWAY SONOMA, LLC, a Delaware Limited Liability Company, doing business as SONOMA RACEWAY; COUNTY OF SONOMA; CHARLES BLOUNT, and DOES 1 THROUGH 10, inclusive.<br><br>    Defendants. | Case No. 3:13-cv-05138 WHA<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>**(1)   EXCESSIVE FORCE (42 U.S.C. § 1983);**<br><br>**(2)   FAILURE TO INTERVENE TO PREVENT USE OF EXCESSIVE FORCE (42 U.S.C. § 1983);**<br><br>**(3)   ASSAULT AND BATTERY;**<br><br>**(4)   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**(5)   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:   Hon. William H. Alsup<br>Complaint Filed: November 4, 2013 |

Plaintiff LLOYD BEARDSLEY ("Plaintiff"), by and through his attorneys, Ad Astra Law Group, LLP, brings this third amended complaint against Defendants SPEEDWAY SONOMA, LLC, a Delaware Limited Liability Company, doing business as SONOMA RACEWAY; COUNTY OF SONOMA; CHARLES BLOUNT ("Defendant" and/or "Defendants"), and alleges, upon personal knowledge as to the facts pertaining to himself and upon information and belief as to all other matters:

## I. SUMMARY OF DEFENDANTS' WRONGFUL ACTIONS LEADING TO BEARDSLEY'S INJURIES AND DAMAGES

1.     Lloyd Beardsley was wantonly and maliciously assaulted about the head, face, and body by Officer Charles Blount of the Sonoma County Sheriff in June 2012, resulting personal injuries and economic damages. The attack was unprovoked. Mr. Beardsley brings this lawsuit for monetary damages caused by these willful and egregious acts and omissions and his resulting injuries and suffering. Each of the Defendants, including (i) Defendant SONOMA RACEWAY ("Raceway"), (ii) Defendant COUNTY OF SONOMA (the "County"), and (iii) Defendant Sonoma county sheriff's deputy Charles Blount ("Blount") contributed to causing Mr. Beardsley's injuries.

2.     Mr. Beardsley is a race car enthusiast. On the evening of Saturday June 24, 2012, Mr. Beardsley and his friend Jack Jensen were camping with friends at the Infineon Sonoma Raceway. On this evening, Mr. Beardsley was completely sober so as not to suffer the after-effects of alcohol at the big race on Sunday. Mr. Jensen is disabled and he and Mr. Beardsley co-own a golf cart that they use to get around on race weekends.

3.     At approximately 1:30 a.m., Mr. Beardsley saw the lights flickering on his golf cart, which indicated to him that someone, later identified as Dalton Olson, was trying to start the vehicle. Mr. Beardsley and Mr. Jensen exited the recreational vehicle in which they were visiting friends in order to stop Dalton Olson from apparently stealing their golf cart.

4.     At the same time, there was a party at a neighboring recreational vehicle and the music was loud. Four or five Sonoma County Sheriffs went to break up the party. As Mr. Beardsley was running toward the golf cart, Mr. Olson ran toward the party and right past the Sonoma County Sheriffs. Mr. Beardsley was chasing Mr. Olson but the Sonoma County Sheriffs ordered him to stop.

5.      Mr. Beardsley was about 10 feet away from the Officers when he stopped and put his hands in the air. Witnesses saw Officer Charles Blount tackle Mr. Beardsley to the ground and saw Officer Blount hit Mr. Beardsley repeatedly and was yelling "put your hands behind your back" while he had Mr. Beardsley face-down on the ground. Despite Mr. Beardsley being unarmed, face down, and compliant, Officer Blount punched Mr. Beardsley on the side of his face and head an estimated five to ten times. Mr. Beardsley never resisted arrest and complied with all of the Officer's orders.

6.      Officer Blount hauled Mr. Beardsley off to jail and charged him with misdemeanor violations of Penal Code section 148(a)(1) (resisting arrest), 415(1) (fighting in a public place), and 647(f) (public intoxication).

7.      Mr. Beardsley spent the night in jail, but no blood alcohol test was ever conducted. He was released to his wife the next morning.

8.      Mr. Beardsley had to sell valuable personal possessions, including his work truck (he is a building contractor) to pay to hire counsel to defend him at trial.

9.      At trial, Mr. Beardsley was acquitted on all counts after several witnesses testified on his behalf and no one testified for Officer Blount except himself.

10.     Defendants' various actions and omissions violated the United States Constitution as well as California statutory and common law, and the damages resulting from these violations are compensable in this action.

## II.    JURISDICTION

11.     This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343. The Court maintains supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367.

## III.   VENUE

12.     The claims alleged herein arose at the Infineon Sonoma Raceway, Sonoma, California, which is located in the County of Sonoma, State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. § 1391 (b)(2).

////

1   **IV.   PARTIES**

2       13.   This action arises from the injuries sustained by Plaintiff LLOYD BEARDSLEY, who

3   was at all times mentioned herein a resident of the County of Tuolumne, State of California.

4       14.   Defendant SPEEDWAY SONOMA, LLC, doing business as SONOMA RACEWAY

5   ("RACEWAY") formerly known as "Infineon Raceway" is, and at all times mentioned herein was, a

6   private entity in the business of hosting motorsports events. Defendant RACEWAY had an existing

7   contract with the Sonoma County Sheriff's Department to provide security at motorsport events hosted

8   by RACEWAY. Such contract was authorized and entered into by Sonoma County on behalf of the

9   Sonoma County Sheriff's Department, and has  been the practice of this Defendant for over twenty

10  years.

11      15.   Defendant COUNTY OF SONOMA ("County") is, and at all times mentioned herein

12  was, a municipal corporation within the state of California and, at all relevant times, established certain

13  departments responsible for enforcing the laws and protecting the welfare of the citizens and public

14  employees of Sonoma County. At all times mentioned herein, Defendant COUNTY was responsible

15  for overseeing DEFENDANT SHERIFF DEPUTY CHARLES BLOUNT. Defendant COUNTY is

16  liable for the intentional, negligent and reckless acts of all of these aforementioned parties, personnel

17  and entities, as described herein.

18      16.   Defendant BLOUNT is, and at all times herein mentioned was, a Deputy of Defendant

19  Sonoma County Sheriff's Department, employed by Defendant COUNTY. At the time of the incident

20  with Plaintiff, Defendant BLOUNT was providing policing services to Plaintiff and the motorsport

21  viewing public under Defendant COUNTY's contract with Defendant RACEWAY.

22      17.   Upon information and belief, Defendants DOES 1 through 10 were each responsible in

23  some manner for the injuries and damages alleged herein. The true names and capacities of defendants

24  DOES 1 through 10, and each of them, are presently unknown to Plaintiff. Plaintiff therefore designates

25  Defendants DOES 1 through 10 by such fictitious names and when their names have been ascertained,

26  Plaintiff will amend this complaint to allege their true names and capacities.

27  ////

28

## V.   RACEWAY IS A STATE ACTOR FOR PURPOSES OF 42 U.S.C. §1983

18.    A private individual may be held liable where he is "fairly said to be a state actor." *Pugh v. Downs*, 641 F. Supp.2d 468 (2009) Based upon the principles set forth in *Terry v. Adams*, 345 U.S. 461, 468-470 (1953) Raceway is a state actor. Under *Terry* a private individual may be considered a state actor under the public function test.  Such test considers a private individual to be a state actor in circumstances where such individual has been "delegated... a power traditionally exclusively reserved to the State." Here, policing is a power traditionally exclusively reserved for the State, and Raceway contracted with the Sonoma County Sheriff to provide police services to the public attending the races.

## VI.   IN THE ALTERNATIVE, RACEWAY AND CHARLES BLOUNT ARE NOT STATE ACTORS FOR 42 U.S.C. §1983 PURPOSES OR TORT CLAIMS.

19.    If the trier of fact finds that Defendants RACEWAY and/or BLOUNT are not State Actors and therefore not subject to liability under 42 U.S.C. §1983, then Plaintiff alleges that these Defendants are private actors subject to tort liability. For purposes of tort claims alleged herein, Defendants Raceway and Blount are being sued in their individual capacities as an alternative to Plaintiff's theory that they are State Actors. Thus, Raceway and Blount are subject to tort liability if they are not subject to liability under 42 U.S.C. §1983.

## VII.   MONELL ALLEGATIONS

20.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COUNTY is liable for any and all injuries sustained by Plaintiff as set forth herein. COUNTY bears liability because its policies, practices and/or customs caused Plaintiff's injuries. Such injuries were caused by an individual with final policy-making authority.  County has condoned an ongoing pattern of excessive force committed by deputies in the Sonoma County Sheriff Department. COUNTY and its officials, maintained or permitted one or more of the following official policies, customs, or practices:

  A.    Failure to provide adequate training and supervision to Sheriff's deputies specifically with regard to constitutional limits on the use of force and detention;

  B.    Failure to adequately discipline or retrain officers involved in misconduct;

C.      Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

D.      Condonation of misconduct of deputies with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

E.      Condonation and encouragement of deputies in the belief that they can violate the rights of persons such as Plaintiff with impunity, and such conduct will not adversely affect their current assignment, opportunities for promotion and other employment benefits.

F.      Failure to enforce proper reporting and investigation of use of force by Sonoma County Deputy Sheriffs,

G.      Ratification by the highest levels of authority of specific unconstitutional acts alleged in this complaint.

## VIII.   STATEMENT OF FACTS

21.     On the evening of Saturday June 24, 2012, Mr. Beardsley and his friend Jack Jensen were camping with friends at the Raceway in anticipation of the next day races. Mr. Beardsley is an avid fan of race car driving.  He looks forward to these summer races and makes a practice to be well rested and completely sober the night prior to the Sunday races. Thus, on the evening of June 24th he had not been drinking.

22.     Mr. Jensen is disabled and uses a golf cart that he co-owns with Mr. Beardsley to get around at the races.  On that Saturday evening at approximately 1:30 a.m., Mr. Beardsley, while inside a motor home with Mr. Jensen, noticed that the lights of the golf cart were flickering. Knowing how the golf cart operated Mr. Beardsley instantly knew someone was trying to start the cart.  At this point Mr. Beardsley alerted Mr. Jensen that someone was attempting to steal their golf cart.

23.     Subsequently, Mr. Beardsley ran outside to stop the young man, later identified as Dalton Olson, who was trying to steal their golf cart. Mr. Jensen followed Mr. Beardsley but he only has one leg, so he could not keep up.

24.     Unbeknownst to Mr. Beardsley and Mr. Jensen, the Sonoma County Sheriff's department had been called to quiet down an adjacent campsite that was being disruptive.  When Dalton

Olson took off running he ran right through the adjacent campsite and right in front of several Sonoma County Sheriff Officers.  They witnessed Dalton Olson run past them and did not stop or prevent him from escaping.

25.     As Mr. Beardsley ran after Dalton Olson, Officer Charles Blount stepped in front of him to stop his pursuit. He ordered Mr. Beardsley to stop.  Mr. Beardsley was unarmed and at the time Officer Blount ordered him to stop he complied entirely. Mr. Beardsley was approximately ten feet away from Officer Blount when he complied with Blount's order to stop and put his hands up.

26.     Suddenly, Officer Blount tackled Mr. Beardsley violently to the ground and began to beat him.  Once Mr. Beardsley was on the ground Officer Blount punched Mr. Beardsley in head and on the side of his face several times as he lay on the ground crouched in a fetal position. Even as Mr. Beardsley lay subdued Officer Blount continued to forcefully and violently beat Mr. Beardsley.

27.     Officer Blount ordered Mr. Beardsley to put his hands behind his back. Mr. Beardsley complied and once he turned Mr. Beardsley over so that he was facing him, with his hands behind his back, Officer Blount maliciously and without reason punched Mr. Beardsley in the face approximately three more times.  There was no legitimate reason for Officer Blount to use such excessive force on Mr. Beardsley.

28.     When Mr. Beardsley was tackled he fell on top of a barbed wire fence. Mr. Beardsley suffered from a torn lip, laceration on his elbow, and physical injuries to his face and head.

29.     After the attack Mr. Beardsley was arrested then transported to the jail and charged with Penal code section 148(a)(1), resisting arrest, Penal code section 415(1) unlawfully fight in a public place and challenge another person in public to fight, and Penal code section 647(f) unlawfully in a public place under the influence of an intoxicating liquor, a drug, a controlled substance, toluene, and in such a condition that was unable to exercise due care.

30.     At the jail no blood sample was drawn, no breath test was conducted, and no drug test was conducted. Officers merely took Mr. Beardsley's blood pressure.  Mr. Beardsley remained in custody until the later that morning.

////

31.     On July 16, 2012, a complaint was filed by the Sonoma County District Attorney's offices and Mr. Beardsley was arraigned on the three counts Officer Blount had recommended to the District Attorney's office.

32.     On February 5, 2013 Mr. Beardsley went to trial on those three counts. Count two, Penal code section 415, was dismissed during the trial. A jury found Mr. Beardsley not guilty of count one, Penal code section 148(a)(1) and count three, Penal code section 647(f).

33.     As a result of the misconduct described above, Mr. Beardsley experienced humiliation, emotional distress, pain and suffering, incurred expenses, including legal fees, in connection with the defense of the charges that were lodged against him, and was otherwise damaged.

34.     Mr. Beardsley suffered great physical injury as a result of Officer Blount's wrongful conduct. Further, Mr. Beardsley has spent a great sum of money in clearing his name.  He is a building contractor and uses a truck for his employment. As a result of these absurd charges and the cost of Mr. Beardsley's legal fees, he was forced to sell his truck to pay for his defense, which is itself a loss, and which has led to further losses of employment opportunities.

## IX.     STATEMENT OF DAMAGES

35.     As a result of the acts and/or omissions of Defendants, Plaintiff Lloyd Beardsley was deprived of his constitutional and statutory rights and was further hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which injuries caused Lloyd Beardsley great mental and physical pain and severe emotional distress.

36.     The acts and/or omissions of Defendants, as alleged in this complaint, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the civil rights and basic welfare of Lloyd Beardsley. Plaintiff therefore prays for an award of punitive and compensatory damages in an amount that will be stated according to proof.

37.     Plaintiff retained counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as well as Cal. Civ. Code § 52 and Cal. Welfare and Institutions Code § 15657.

////

-7-

38.     As a result of the wrongful conduct of Defendants Plaintiff has endured unnecessary expense in the costs of medical bills and detriment to his livelihood.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. §1983 – USE OF EXCESSIVE FORCE)**

**(Defendant County, Blount, and Raceway)**

39.     Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

40.     Defendant Blount, maliciously, and without reason, attacked and beat Lloyd Beardsley, who was unarmed, for the purpose of harm. Plaintiff was at all times compliant and never resisted or refused the deputies command. As Lloyd Beardsley lay face down on the ground with his hands behind his back, subdued, Defendant, repeatedly struck Lloyd Beardsley in the head and face.

41.     Defendant Blount's conduct was malicious and oppressive and either intended to cause injury or was carried out with gross negligence or deliberate indifference to Plaintiff's constitutional right to be free from the use of excessive force.

42.     Defendant Blount's actions were the direct and proximate result of Plaintiff's injuries. Further, at the time of the incident Defendant Blount was assigned to provide additional security at the Raceway. Such assignment was outside the jurisdiction of the Sonoma County Sheriff's department. However, such assignment was authorized by the County through a contract entered into by the County and Raceway.   For purpose of Plaintiffs claim pursuant to 42 U.S.C. §1983, Plaintiff is informed and believes that Raceway was a state actor. Plaintiff alleges that Raceway, who was solely responsible for maintaining order and safety on it premises employed the Sonoma County Sheriff's Department to provide such functions. Thus, Raceway has been delegated powers traditionally reserved to the state.

43.     Plaintiff is informed and believes that Defendant COUNTY has condoned an ongoing pattern of excessive force committed by deputies. Such pattern as alleged above has become a policy, custom or practice of the Sonoma County Sheriff's department. The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, and ratified by the County. These policies, customs, practices and/or directives include, but are not limited to, the following:

a)      failing to discipline or punish deputies for the use of excessive force and inappropriate force,

b)      permitting or encouraging the use of excessive force and inappropriate force;

c)      failing to adopt and implement deputy training programs with respect to the use of excessive force; and

d)      failing to adequately supervise deputy personnel.

Such policies were the direct cause of Plaintiffs constitutional rights being violated.

44.      Defendant County has the final decision-making authority with respect to hiring deputies and implementing policies, customs, practices, and/or directives that caused Plaintiff's injuries.

45.      Defendant County in implementing such policies, customs, practices, and/or directives, acted intentionally, maliciously, unjustifiably, and with deliberate indifference to Plaintiff's constitutional rights.

46.      As a direct and proximate result of the actions and omissions of Defendant County, Plaintiff was beaten, and suffered physical, emotional, and economical injuries, including being wrongfully incarcerated and prosecuted.

47.      Wherefore, Plaintiff prays for compensatory damages and punitive damages allowed by law.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. §1983 – FAILURE TO INTERVENE**

**TO PREVENT USE OF EXCESSIVE FORCE)**

**(Defendants County, Raceway)**

48.      Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

49.      No Defendant intervened to prevent the brutal and vicious assault on Mr. Beardsley by Deputy Charles Blount despite knowing such actions were unwarranted. Defendants' agents witnessed this brutal attack and in refusing to intercede against this malicious and gratuitous use of excessive

-9-

force, presenting a clear and serious danger to Mr. Beardsley's health and safety, Defendants subjected Mr. Beardsley to unnecessary and wanton infliction of physical injury for the purpose of harm, thereby violating his civil rights.

50.     By failing to properly hire, screen, train, supervise, and/or discipline its personnel to refrain from using excessive force and to intervene against its use, Defendant SONOMA COUNTY and RACEWAY subjected Lloyd Beardsley to unnecessary and wanton infliction of pain and physical injury, thereby violating his civil rights.

51.     By authorizing, ratifying, performing, and/or condoning the acts and omissions of their co-Defendants, Defendant SONOMA COUNTY and RACEWAY, subjected Lloyd Beardsley to unnecessary and wanton infliction of pain and physical injury, thereby violating his civil rights.

52.     The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in use of unwarranted excessive force for the purpose of inflicting physical injury on Lloyd Beardsley gratuitously or as punishment, in furtherance of a policy of misuse of power.

53.     Wherefore, Plaintiff prays for compensatory damages and punitive damages allowed by law.

### THIRD CAUSE OF ACTION
### (ASSAULT AND BATTERY)
**(Defendant Raceway)**

54.     Plaintiff incorporates by reference and realleges each allegation made in paragraphs 1-18, 20, and 22-39 as if alleged in full herein.

55.     In the alternative, Plaintiff alleges that if SONOMA RACEWAY was not a state actor then SONOMA RACEWAY acted in its individual capacity and is subject to tort liability. At the time of the incident Defendant BLOUNT was an agent of Defendant SONOMA RACEWAY. Thus, under the doctrine of respondeat superior, Defendant SONOMA RACEWAY is responsible for the acts committed by Defendant Blount while he was acting within the scope of his employment when assaulting Mr. Beardsley. Defendant Blount acted with express or implied authority from Defendant

-10-

SONOMA RACEWAY who authorized, ratified, and condoned his abusive and illegal conduct. Furthermore, Defendant SONOMA RACEWAY failed to train and supervise him appropriately.

56.    By and during the acts described herein, Defendant CHARLES BLOUNT intentionally, unlawfully, unjustifiably, excessively, and unreasonably assaulted and injured Lloyd Beardsley. Defendant BLOUNT acted with actual malice, improper motivation, and evil purpose, with the sole intention of inflicting bodily harm or in reckless and callous disregard of the likelihood of doing so.

57.    At all times during BLOUNT'S brutal beating, Mr. Beardsley was unarmed and restrained and presented no danger to officers or the public.  Defendant's use of violent force was wholly unnecessary to restrain or control Mr. Beardsley. Such actions were excessive, unreasonable, and extreme under any circumstances.

58.    Even after inflicting serious and obvious bodily injury upon Mr. Beardsley, leaving him in great pain, Defendant BLOUNT arrested him for no lawful reason and took him down to the station.

59.    WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

**(Defendant Raceway)**

60.    Plaintiff incorporates by reference and realleges each allegation made in paragraphs 1-18, 20, 22-39, and 55-60 as if alleged in full herein.

61.    In the alternative, Plaintiff alleges that if SONOMA RACEWAY was not a state actor then SONOMA RACEWAY acted in its individual capacity and is subject to tort liability. At the time of the incident Defendant BLOUNT was an agent of Defendant SONOMA RACEWAY.  Thus, under the doctrine of respondeat superior, Defendant SONOMA RACEWAY is responsible for the acts committed by Defendant Blount while he was acting within the scope of his employment when assaulting Mr. Beardsley. Defendant Blount acted with express or implied authority from Defendant SONOMA RACEWAY who authorized, ratified, and condoned his abusive and illegal conduct. Furthermore, Defendant SONOMA RACEWAY failed to train and supervise him appropriately.

62.     Defendant owed Lloyd Beardsley a duty of care to avoid exposing him to foreseeable harm. Defendants were negligent and fell below a reasonable standard of care when they did the acts described in the previous causes of action.

63.     It was foreseeable that as a result of Defendant's actions and omissions Lloyd Beardsley would suffer psychological and physical harm, and as a result, would suffer emotional and psychological distress and trauma.

64.     In fact, as a direct and proximate result of Defendant's actions and omissions, Mr. Beardsley suffered psychological and physical harm resulting in his physical injury as well as emotional and psychological distress and trauma.

65.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

### FIFTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (Defendant Raceway)

66.     Plaintiff incorporates by reference and realleges each allegation made in paragraphs 1-18, 20, 22-39, and 55-66 as if alleged in full herein.

67.     In the alternative, Plaintiff alleges that if SONOMA RACEWAY was not a state actor then SONOMA RACEWAY acted in its individual capacity and is subject to tort liability. At the time of the incident Defendant BLOUNT was an agent of Defendant SONOMA RACEWAY. Thus, under the doctrine of respondeat superior, Defendant SONOMA RACEWAY is responsible for the acts committed by Defendant Blount while he was acting within the scope of his employment when assaulting Mr. Beardsley. Defendant Blount acted with express or implied authority from Defendant SONOMA RACEWAY who authorized, ratified, and condoned his abusive and illegal conduct. Furthermore, Defendant SONOMA RACEWAY failed to train and supervise him appropriately.

68.     The above described conduct of Defendant was calculated to cause or stood in reckless disregard of the possibility of causing, and did in fact cause, Lloyd Beardsley substantial mental anguish, grief, humiliation, and extreme mental and emotional distress.

-12-

PLAINTIFF'S THIRD AMENDED COMPLAINT – CASE NO. 13-CV-05138 WHA

1    69.    As a proximate result of the outrageous conduct of Defendant, Mr. Beardsley suffered

2   extreme mental and emotional distress.

3    70.    The acts and omissions of defendants were done intentionally and/or in callous

4   disregard for the safety, health, and wellbeing of Mr. Beardsley and were further done for the purpose

5   of inflicting physical harm and/or for the purpose of humiliating, oppressing, and inflicting emotional

6   and mental distress upon Mr. Beardsley, and such conduct was done with the intent to deprive him of

7   his civil rights or in willful and wanton disregard for those rights.

8    71.    WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as

9   allowed by law.

10   ### JURY DEMAND

11   Plaintiff hereby demands a jury trial on all issues so triable.

12   ### PRAYER FOR RELIEF

13   WHEREFORE, Plaintiff prays for judgment against all Defendants, as follows:

14   1.    Compensatory damages in an amount to be determined at trial;

15   2.    Punitive damages in an amount of to be determined at trial;

16   3.    Costs of suit herein incurred;

17   4.    Attorneys' fees pursuant to applicable law; and

18   5.    For such other and further relief as this Court deems just and proper.

19

20                                    Respectfully submitted,

21   Dated: April 15 2014              AD ASTRA LAW GROUP, LLP

22

23                                    By:_____/s/ *Katy M. Young*_____
                                           Katy M. Young
24                                    Attorneys for Plaintiff
                                      LLOYD BEARDSLEY

25

26

27

28

-13-